IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELLA MARIA SINGH,<br><br>    Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | No. C 12-04046 SI<br><br>**ORDER DENYING PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND REMANDING MATTER TO COMMISSIONER OF SOCIAL SECURITY** |

The parties have filed cross-motions for summary judgment in plaintiff's appeal of a final decision by the Commissioner of Social Security denying plaintiff benefits. Having carefully considered the parties' papers and the administrative record, the Court hereby DENIES plaintiff's motion and DENIES defendant's motion. As discussed below, the matter is REMANDED for further proceedings consistent with this Order.

**BACKGROUND**

On July 2008, Plaintiff applied for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB") under Titles XVI and II of the Social Security Act.[1] AR 191-94. Her applications were denied initially, and again on reconsideration. AR 195-96, 201. Plaintiff's

---

[1] Plaintiff first applied for disability benefits in 2006. These claims were denied initially in August 2006, and upon reconsideration in April 2007. AR 178. Plaintiff appealed and a hearing was held before an Administrative Law Judge ("ALJ"), who found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments for disability and had the residual capacity to perform the full range of light work. In an opinion dated February 2006, the ALJ concluded that plaintiff had not been under a disability within the meaning of the Social Security Act and therefore denied her claims. AR 178.

1 application was then heard by Administrative Law Judge ("ALJ") Richard Laverdure who denied her
2 claims for benefits once more in a decision dated January 25, 2011. AR 9, 12-22. ALJ Laverdure's
3 January 2011 denial became the Commissioner's final decision when the Appeals Counsel declined
4 review. AR 1-3. On August 1, 2012, Plaintiff filed this action for judicial review pursuant to 42 U.S.C.
5 §§ 405(g) and 1383(c). Docket No. 1. Now pending before the Court are plaintiff's motion for
6 summary judgment, filed December 4, 2012, and the Commissioner's cross-motion for summary
7 judgment, filed February 21, 2013. Docket Nos. 10, 13.

## LEGAL STANDARD

### I. Disability Determination

A claimant is "disabled" as defined by the Social Security Act if: 1) "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and 2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 1382c(a)(3)(A)-(B); *see also Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012). To determine whether a claimant is disabled, an ALJ engages in a five-step sequential analysis as required under 20 C.F.R. § 404.1520(a)(4)(i)-(v).

In the first two steps of the evaluation, the claimant must establish that he or she 1) is not performing substantial gainful activity, and 2) is under a "severe" impairment. *Id*. § 416.920(a)(4)(i)-(ii). An impairment must have lasted or be expected to last twelve months in order to be considered severe. *Id*. § 416.909. In the third step, the claimant must establish that his or her impairment meets or medically equals a listed impairment described in the administrative regulations. *Id*. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or equal one of the listed impairments, before proceeding to the fourth step, the ALJ is to make a residual functional capacity ("RFC") determination based on all the evidence in the record; this determination is used to evaluate the claimant's work capacity for steps four and five. *Id*. § 416.920(e). In step four, the claimant must

1 establish that his or her impairment prevents the claimant from performing relevant work he or she did
2 in the past. *Id.* § 416.920(a)(4)(iv). The claimant bears the burden to prove steps one through four, as
3 "[a]t all times, the burden is on the claimant to establish [his] entitlement to disability insurance
4 benefits." *Id.* (alterations in original). Once the claimant has established this prima facie case, the
5 burden shifts to the Commissioner to show at the fifth step that the claimant is able to do other work,
6 and that there are a significant number of jobs in the national economy that the claimant can do. *Id.* §§
7 416.920(a)(4)(v),(g); 416.96(c).

## II. Standard of Review

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996); *see also DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

This Court has jurisdiction to review the Commissioner's decision denying benefits pursuant to 42 U.S.C. § 405(g). However, the Commissioner's decision (here the decision of the ALJ) will only be disturbed if it is not supported by substantial evidence or if it applies improper legal standards. 42 U.S.C. 405(g); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). Substantial evidence is "more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (citing *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). The reviewing court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation mark and citation omitted). "Where evidence exists to support more than one rational interpretation, the court must defer to the ALJ's decision." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

Plaintiff raises five arguments in support of her motion for summary judgment: (1) the ALJ failed to provide "clear and convincing reasons" for rejecting the opinion of Dr. Wildfire, plaintiff's

treating physician, as to her physical limitations; (2) the ALJ did not set forth specific legitimate reasons based on substantial evidence in the record for rejecting Dr. Wildfire's opinion as to her mental limitations; (3) the ALJ failed to give a reason for rejecting the opinion of Ms. Watkins, plaintiff's treating therapist, regarding her mental state; (4) the ALJ erroneously relied on the Medical Vocational Guidelines; and (5) the ALJ's findings are not supported by substantial evidence. Plaintiff's Motion, pp. 1-2.

In the decision, the ALJ considered the plaintiff's hearing testimony as well as the opinions of three physicians: (1) Dr. Wildfire, plaintiff's treating physician; (2) Dr. Stearns, a psychologist who consulted on behalf of the Department of Social Services; and (3) Ms. Watkins, a Marriage and Family Therapist ("MFT") who was plaintiff's treating therapist. At step one of the sequential process, the ALJ found that the evidence strongly suggested that the plaintiff's work as a foster parent constituted substantial gainful activity but, given his finding of non-disability on other grounds, declined to make that specific determination. AR 15. At step two, the ALJ concluded that plaintiff's medical records supported a finding of "'changed circumstances' in her condition" and that she suffered from "'severe' degenerative disc disease and obesity," as well as "'severe' osteoarthritis or degenerative joint disease of the knees[,] and depression, all of which have more than a minimal effect on her ability to work." *Id*.

At step three, the ALJ determined that plaintiff did not establish that she had an impairment or combination of impairments that met or was medically equal to one of the impairments listed in the regulations. AR 16. Specifically, the ALJ found that plaintiff's medical records did not support a listed "major dysfunction of the joint," nor was there "evidence of nerve root compression" required for a listed disorder of the spine. *Id*. The ALJ noted obesity was no longer a listed impairment, and while plaintiff "also alleged disabling depression," the record did not describe "the degree of functional limitation necessary to satisfy" a listed affective disorder. *Id*. Finally, the ALJ found that plaintiff had "mild to moderate difficulties in maintaining social functioning," but not enough to satisfy the criteria for a listed impairment. *Id.*

In evaluating the plaintiff's RFC, the ALJ examined her medical records, which included findings of degenerative disc disease in her lumbar spine, degenerative arthritis in her knees, and

4

symptoms of depression, and considered the opinions of Dr. Wildfire, Dr. Stearns, and MFT Watkins. AR 17-19. The ALJ stated that his findings were consistent with the plaintiff's medical records, and concluded that she had the residual functional capacity to perform a wide range of entry-level light work not involving complex instructions or tasks and allowing for limited contact with the public. AR 18-19. After making this determination the ALJ found, at step four, that the plaintiff was unable to perform any past relevant work. AR 20. At step five the ALJ considered the plaintiff's age, education, lack of work experience, and RFC, and concluded that there were jobs that existed in significant numbers in the national economy that she could perform. AR 20-21. Specifically, the ALJ found that the plaintiff had not "substantially lost the ability to meet the basic mental demands of competitive, remunerative, unskilled work on a sustained basis" at the "light exertional level," therefore the plaintiff "has not been under a disability, as defined in the Social Security Act." AR 21.

## I.     The Plaintiff's Physical Limitations

The plaintiff contends that the ALJ failed to provide clear and convincing reasons for rejecting Dr. Wildfire's uncontradicted opinion as to her physical limitations. Plaintiff's Motion, p. 6. The Commissioner argues that the ALJ correctly rejected Dr. Wildfire's opinion because of plaintiff's extensive work as a foster parent and the lack of objective documentation for her claims in Dr. Wildfire's treatment notes. Defendant's Motion, p. 7.

Generally, courts give more weight to the opinions of treating sources, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture" of the claimant's medical impairments "and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations." 20 C.F.R. § 416.927. If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." *Id*. §§ 404.1527(d)(2), 416.927(d) (2). "Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632

(9th Cir. 2007) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)) (internal quotation marks omitted). Even if the treating doctor's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." *Id*. (citation omitted). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. The ALJ must "do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In his decision, the ALJ stated that after considering the evidence of record, he found "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." AR 20. The ALJ concluded the plaintiff "is able to perform a wide range of light work." *Id*. First, the ALJ stated that Dr. Wildfire's May 2010 assessment of the plaintiff's work capacity reported "she could lift no more than 5 pounds occasionally, sit for no more than 20 minutes at a time up to two hours in an eight hour day and stand/walk for no more than 30 minutes at a time, up to three hours per day, due to sciatica." AR 17. The ALJ then noted that while Dr. Wildfire found the plaintiff limited "on a physical basis, Dr. Wildfire's *own treatment notes* failed to describe any ongoing significant positive objective findings on examinations performed in connection with the physical complaints." AR 19 (emphasis in original). After he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," the ALJ determined that "[a]lthough the claimant has alleged an inability to perform any work at all times relevant to her application due to her pain and other symptoms, the claimant's statements alone do not establish that she is disabled." *Id*. The ALJ concluded that plaintiff's extensive work as a foster parent undermined her claim that she was physically and mentally disabled, and found that plaintiff's statements concerning the extent of her disability were not credible in view of her activities as a foster parent. AR 20.

However, the ALJ failed to provide a single example of an inconsistency between plaintiff's physical symptoms and Dr. Wildfire's records. AR 19. The ALJ did not discuss or mention any conflicts between plaintiff's complaints and the physical assessment of Dr. Wildfire, nor did he summarize any conflicting medical evidence. Dr. Wildfire was the plaintiff's treating physician for

6

1 several years, and concluded that plaintiff had disabling sciatica symptoms that caused her chronic pain
2 and severely limited her functioning. An x-ray of plaintiff's lumbar spine taken in March 2008 showed
3 mild degenerative disc disease, an MRI of the same area in November 2008 showed a "L5 - S1 disc
4 protrusion causing effacement of the left L5 and S1 nerve roots," and Dr. Wildfire diagnosed sciatica
5 secondary to disc protrusion in January 2009. AR 17. "Unless there is affirmative evidence showing
6 that the plaintiff is malingering, the Commissioner's reasons for rejecting the claimant's testimony must
7 be 'clear and convincing.'" *Lester,* 81 F.3d at 834 (citation omitted). The ALJ's reliance on the
8 plaintiff's ability to function as a foster parent, sit through a three hour meeting for her nephew in May
9 of 2007, or perform routine household chores, are not specific and legitimate reasons for rejecting the
10 medical opinion of plaintiff's treating physician. "It's not sufficient for the ALJ to make only general
11 findings; he must state which pain testimony is not credible and what evidence suggests the complaints
12 are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

13 The Ninth Circuit has held that "the mere fact that a plaintiff has carried on certain daily
14 activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way
15 detract from her credibility as to her overall disability," and that one need not be "'utterly incapacitated'
16 in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (citation omitted).
17 The ALJ ignored the clinical evidence from Dr. Wildfire regarding the plaintiff's physical limitations
18 and relied almost exclusively on non-medical inferences drawn from the plaintiff's activities to conclude
19 that she was not disabled. Moreover, the ALJ's decision failed to describe how the plaintiff's ability
20 to engage in those activities would translate to a work setting. *See e.g. Fair v. Bowen*, 885 F.2d 597,
21 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits
22 involving the performance of physical functions that *are* transferable to a work setting, a specific finding
23 as to this fact may be sufficient to discredit an allegation of disabling excess pain."). In sum, the Court
24 finds that the ALJ's reliance on the plaintiff's work as a foster parent and his account of her modest
25 activities at home are not clear and convincing reasons for rejecting Dr. Wildfire's opinion as to her
26 physical limitations.

27
28

7

## II. Mental Limitations

Plaintiff also argues that the ALJ failed to set forth specific, legitimate reasons based on substantial evidence in the record for rejecting Dr. Wildfire's opinion about her mental limitations. Plaintiff's Motion, p. 9. The Commissioner counters the ALJ properly rejected Dr. Wildfire's opinions regarding the plaintiff's mental abilities. Defendant's Motion, pp. 8-10.

Generally, more weight is given "to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5). In addressing the plaintiff's mental limitations, the ALJ rejected Dr. Wildfire's conclusions because she was not a licensed psychiatrist or psychologist, and because her actual treatment records failed to reflect the multitude of mental symptoms that she identified in her January 2010 report. The ALJ noted, "Dr. Wildfire's assessment of the claimant's mental limitations and her identification of multiple mental symptoms is far broader than those identified by the claimant's treating mental health practitioner, Ms. Watkins," and further stated that while "Ms. Watkins' opinion is entitled to some weight as that of a treating marriage and family therapist, I also find persuasive the conclusions of Dr. Stearns, who is a psychologist, and who found the claimant significantly less limited." *Id*. The ALJ noted that MFT Watkins had observed a recent improvement in plaintiff's depression and that Dr. Stearns found her to be significantly less limited than Dr. Wildfire. *Id*. Furthermore, the ALJ properly noted that Dr. Wildfire's treatment records did not support the mental symptoms identified in her January 2010 report. *Id*. In contrast with his discussion regarding plaintiff's physical limitations, here the ALJ identified a specific inconsistency that is supported by substantial evidence in the form of the conclusions of MFT Watkins and Dr. Stearns, both of whom were specialists who examined plaintiff and concluded that her mental status indicated only a mild or moderate level of impairment. AR 16-17, 18. The Court finds the ALJ set forth specific, legitimate reasons supported by substantial evidence in the record before rejecting Dr. Wildfire's opinion as to plaintiff's mental limitations.

## III. MFT Watkins' Opinion

The plaintiff next contends that the ALJ rejected, without reason, MFT Watkins' opinion. Plaintiff's Motion, p. 13. Insofar as the plaintiff is referring to MFT Watkins's final opinion regarding

8

her mental state, this contention is belied by the record, which reflects that MFT Watkins' opinion as the treating therapist was accorded "some weight as that of the treating marriage and family therapist." AR 19. The ALJ specifically cited MTF Watkins' identification in 2010 of "improvement in the claimant's mental condition such that she found the claimant only moderately, almost mildly, limited in her function." *Id*. While the ALJ concluded that the plaintiff's functioning was not significantly impaired by her mental status, he did so not by rejecting the opinions of MTF Watkins; the decision shows the ALJ considered MTF Watkins' opinion in conjunction with the opinions of both Drs. Wildfire and Stearns before reaching his conclusion as to her mental limitations. *Id*.

### IV.   The ALJ's Reliance on the Medical-Vocational Guidelines

The plaintiff contends that the ALJ erred by relying on the Medical-Vocational Guidelines ("the grids") in step five because plaintiff has mental, non-exertional impairments which limit her ability to work. Plaintiff's Motion, p. 14. Defendant argues that the mere presence of non-exertional limitations does not preclude application of the grids where the non-exertional limitations do not significantly limit the range of work permitted by Plaintiff's exertional limitations. Defendant's Motion, p. 11. Because the Court is remanding the case to the Commissioner for further consideration of the medical evidence, it is not necessary to address the matter at this time. The ALJ's use of the grids will be dependent on his determination of plaintiff's residual functional capacity upon remand.

### V.   Substantial Evidence

Plaintiff contends that the ALJ's decision that plaintiff was capable of light work was not supported by substantial evidence. Plaintiff's Motion, p. 18. As discussed above, the ALJ's decision to disregard Dr. Wildfire's opinion regarding the plaintiff's physical limitations is not supported by substantial evidence. In light of the remand, the Court need not reach the issue of whether the ALJ properly determined whether the plaintiff had the residual functional capacity for light work.

**CONCLUSION**

The plaintiff's motion for summary judgment and request for an order to award benefits is DENIED. It is not clear to the Court from the record before it that Plaintiff is, in fact, disabled. Further proceedings are necessary to make this determination. *See Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir.2000) (holding remand for further proceedings was appropriate where the record contained additional unanswered questions regarding the applicant's eligibility for benefits).

For these reasons, the ALJ's decision is REVERSED and the case is REMANDED to the Commissioner to reevaluate the medical evidence regarding the plaintiff's physical limitations, and either incorporate Dr. Wildfire's findings or provide specific and legitimate reasons supported by substantial evidence in the record to disregard her opinion.

**IT IS SO ORDERED.**

Dated: September 24, 2013

SUSAN ILLSTON
United States District Judge

10